UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 10-03855 DMG; CV 11-02147 DMG** | Date | July 21, 2011 |

| | | |
|---|---|---|
| Title | *In Re: Debtor: Staci B. Haley (LA09-bk-13598 ER; ADV NO. LA09-ap-1298 ER; BAP CC 10-1100), John Luckett, appellant v. Staci B. Haley, appellee* | Page 1 of 2 |

Present: The Honorable   DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| VALENCIA VALLERY | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER TO SHOW CAUSE WHY ACTIONS SHOULD NOT BE DISMISSED**

The matter is before the Court on Appellant John Luckett's appeals from (1) the Bankruptcy Court's March 12, 2010 Order denying Appellant's *ex parte* motion to disqualify the Bankruptcy Judge (CV 10-03855 DMG) and (2) the Bankruptcy Court's February 24, 2011 Order denying Appellant's *ex parte* motion for findings made on the record at the May 21, 2009 status conference hearing (CV 11-02147 DMG).

On July 7, 2011, the parties filed a stipulation to dismiss Adv. No. 09-01298, the underlying action which gave rise to the above-referenced appeals, and to confirm civil contempt [Bankr. Ct. Doc. # 103] (the "Stipulation"),. In the Stipulation, Appellant agreed that Appellant is to be held in civil contempt and will dismiss adversarial action No. 09-01298, which is currently pending in the Bankruptcy Court. Appellant further agreed to withdraw all motions to disqualify the Bankruptcy Judge and "forego any further appeals or objections in any court against Debtor." (Stipulation at 1-2.) On July 11, 2011, the Bankruptcy Court approved the Stipulation [Bankr. Ct. Doc. # 105] and issued an Order vacating the January 27, 2010 judgment in favor of Appellee and dismissing the adversary action with prejudice pursuant to the Stipulation [Bankr. Ct. Doc. # 106].

Article III of the Constitution limits federal subject matter jurisdiction to "cases" or "controversies." U.S. Const. art. III § 2; *Turner v. Rogers,* __ S.Ct. __, 2011 WL 2437010 at * 6 (2011). The Court lacks jurisdiction to hear moot claims. *Pinnacle Armor, Inc. v. U.S.*, __ F.3d __, 2011 WL 2040870, at * 4 (9th Cir. 2011). A case is moot when (1) "the issues presented are no longer live" or (2) the parties lack a "legally cognizable interest in the outcome." *United States Parole Commission v. Geraghty,* 445 U.S. 388, 396, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 10-03855 DMG; CV 11-02147 DMG** | Date | July 21, 2011 |
|---|---|---|---|

| Title | *In Re: Debtor: Staci B. Haley (LA09-bk-13598 ER; ADV NO. LA09-ap-1298 ER; BAP CC 10-1100), John Luckett, appellant v. Staci B. Haley, appellee* | Page | 2 of 2 |
|---|---|---|---|

As such, Appellant is **ORDERED TO SHOW CAUSE** in writing no later than **August 5, 2011** why both actions should not be dismissed as moot. Appellant is advised that his failure to file a timely response to this Order shall be deemed his consent to the dismissal of these actions without prejudice.

**IT IS SO ORDERED.**